UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELODY OLSEN** ) | Case Number | |
| ) | | |
| **Plaintiff** ) | | |
| ) | | |
| vs. ) | **CIVIL COMPLAINT** | |
| ) | | |
| **PROGRESSIVE FINANCIAL** ) | | |
| **SERVICES, INC.** ) | **JURY TRIAL DEMANDED** | |
| **Defendant** ) | | |
| ) | | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Melody Olsen, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I.    INTRODUCTORY STATEMENT

1.    Plaintiff, Melody Olsen, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive or unfair practices.

### II.    JURISDICTION

2.    Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant conducts business in the District.

### III. PARTIES

4. Plaintiff, Melody Olsen, is an adult natural person residing at 2190 Highway 26, Lot 2, Lansing, IA 52151.

5. Defendant, Progressive Financial Services, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation that is engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the state of Iowa with its principal place of business located at 525 Fairview Road, Swarthmore, PA 19081-2429.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or around the beginning of October, 2009, Plaintiff began receiving calls from the Defendant collecting on a debt owed on a Sallie-Mae school loan that she co-signed for one of her son's back in 2003.

8. Defendant's agent told the Plaintiff that her son had defaulted on the before mentioned loan and that she was now responsible to make the payments.

9. Plaintiff tried to explain to the Defendant that she did not have the money and that she could not afford to pay off her son's debt.

10. On or around October 15, 2009, Plaintiff received written notice from the Defendant again looking for payment. Plaintiff wrote Defendant back demanding that they cease and desist all further telephone contact with her and also informed them again that she in no way could afford to pay this loan off for her son.

11. On that same date, October 15, 2009, Plaintiff's daughter-in-law, was contacted on her personal cell phone by the Defendant looking to see if she knew how they could get in touch with the Plaintiff.

12. Plaintiff's daughter-in-law conitues to receive calls to her personal cell phone, although she is no way involved with this debt and even after the Defendant has been told to stop contacting her.

13. Defendant and their agents continue to call Plaintiff on a daily basis demanding that acceptable paymet arrangements be made on this debt.

14. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

15. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

16. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

18. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## **COUNT I - FDCPA**

19. The above paragraphs are hereby incorporated herein by reference.

20. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

21. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

§§ 1692b(3)   Contact of Third Party: Contacted a person more then once, unless requested to do so

§§ 1692c(b)   With anyone except the consumer, consumer's attorney, or credit bureau concerning the debt

§§ 1692c(c)   After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication

   §§ 1692d  Any conduct the natural consequence of which is to harass, oppress, or abuse any person

   §§ 1692d(5)  Caused the phone to ring or engaged any person in telephone conversations repeatedly

   §§ 1692d(6)  Placed telephone calls without disclosing his/her identity

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Progressive Financial Services, Inc. for the following:

 a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act.

 b. Actual damages;

 c. Statutory damages pursuant to 15 U.S.C. § 1692k;

 d. Reasonable attorney's fees and litigation expenses, plus costs of suit;

 e. Such addition and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: December 7, 2009**          BY: **/s/Bruce K. Warren**
                              Bruce K. Warren, Esq.

                              **/s/Brent F. Vullings**
                              Brent F. Vullings, Esq.


                              Warren & Vullings, LLP
                              1603 Rhawn Street
                              Philadelphia, PA  19111
                              215-745-9800   Fax 215-745-7880
                              Attorney's for Plaintiff